F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 15 2010

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01561-BNB

THOMAS GARNER,

    Applicant,

v.

ANGEL MEDINA, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

## ORDER TO DRAW IN PART AND TO DISMISS IN PART

---

Applicant, Thomas Garner, is a prisoner in the custody of the Colorado Department of Corrections and is currently incarcerated at the Limon Correctional Facility. He initiated this action by submitting to the Court a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on June 25, 2010. Mr. Garner is challenging the validity of his conviction and habitual offender sentence in Case No. 90CR2581 in the Denver County District Court.

In an order filed on July 12, 2010, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On July 27, 2010, Respondents submitted a pre-answer response. Mr. Garner filed a reply on August 20, 2010.

The Court must construe liberally the Application filed by Mr. Garner because he

is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will order the Application drawn in part and dismissed in part.

## I. Background and State Court Proceedings

Mr. Garner was convicted by a jury of aggravated robbery and conspiracy to commit aggravated robbery for offenses committed on October 17, 1990. He was sentenced as an habitual offender to a term of life imprisonment. Pre-Answer Resp. Ex. A at 28. The Colorado Court of Appeals affirmed Mr. Garner's habitual offender sentence on direct appeal. *See People v. Garner*, Nos. 91CA0285, 91CA0473 (Colo. App. June 4, 1992) (unpublished opinion), Pre-Answer Resp. Ex. E. The Colorado Supreme Court denied certiorari review on February 1, 1993. *Id.* Ex. G.

On August 10, 1993, Mr. Garner filed a motion for post conviction relief pursuant to Colo. Crim. P. Rule 35(c). Pre-Answer Resp. Ex. A at 35. As noted by the Colorado Court of Appeals, "[f]ollowing several delays associated with appointment of and changes in counsel, defendant, now proceeding through counsel, filed a supplemental brief in 2006." *People v. Garner*, No. 07CA1773 (Colo. App. Feb. 26, 2009) (unpublished opinion), Pre-Answer Resp. Ex. J at 2. The trial court denied the motion, after holding an evidentiary hearing. *Id.* The state appellate court affirmed. *People v. Garner*, No. 07CA1773 (Colo. App. Feb. 26, 2009). The Colorado Supreme Court

denied certiorari review on June 8, 2009. Pre-Answer Resp. Ex. L.

Mr. Garner then filed the instant Application, which was received by the Court on June 25, 2010. He asserts two claims for relief. Mr. Garner first claims that his trial counsel was constitutionally ineffective based on the following grounds: (a) counsel failed to investigate, prepare and secure the testimony of an alibi witness; (b) counsel failed to move for a severance of defendants at trial; (c) counsel failed to advise Mr. Garner about the deadlines for accepting the prosecution's plea offer; (d) counsel failed to object to a police officer's testimony that suggested Mr. Garner had prior felony convictions; (e) counsel failed to object to improper jury instructions on the elements of robbery; (f) counsel failed to object to improper habitual criminal verdict forms, and failed to attack Mr. Garner's prior convictions "under justifiable excuse and excusable neglect based upon the Applicant being a resident of Texas, not Colorado where the state's time bar applied to those living in Colorado"; and, (g) counsel's cumulative errors at trial constituted deficient performance. Application at 5.IX.

For his second claim, Mr. Garner challenges his life sentence under Colorado's habitual offender law on the ground that the underlying prior felony convictions are constitutionally infirm. *Id.* at 6.

Respondents argue that the Application appears to be time-barred under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1). Pre-Answer Resp. at 5-8. Respondents concede that claim 1(a), 1(b), 1(c), 1(d), 1(e) and part of claim 1(f) are exhausted, but argue that Mr. Garner failed to exhaust state remedies for claim 1(g)

and claim two. *Id.* at 10-15. Respondents also suggest that Mr. Garner may not have exhausted state remedies for part of claim 1(f). *Id.* at 12-13.

## II. AEDPA Time Bar

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d) unless Mr. Garner can establish his compliance with the prison mailbox rule. Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be

4

counted toward any period of limitation under this
subsection.

28 U.S.C. § 2244(d).

Mr. Garner's conviction became final in 1993. Where a conviction becomes final before the AEDPA took effect, the one-year limitations period for a federal habeas petition starts on the AEDPA's effective date, April 24, 1996. *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

The Court must next determine whether Mr. Garner's state court post-conviction motion tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a postconviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use

of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Mr. Garner's state post conviction motion was pending at the time the AEDPA took effect on April 24, 1996. Therefore, the limitation period was immediately tolled. That tolling continued until the Colorado Supreme Court denied certiorari review in Mr. Garner's post conviction proceeding on June 8, 2009. Accordingly, the limitation period began to run on June 9, 2009 and Mr. Garner had until June 9, 2010 to file his § 2254 Application. Mr. Garner signed his Application on June 8, 2010, within the limitation period. The Court therefore addresses whether he can take advantage of the prison mail box rule.

"The prison mailbox rule . . . holds that a pro se prisoner's [filing] will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents." *Price v. Philpot*, 420 F.3d 1158, 1163-64 (10th Cir. 2005). An inmate can obtain the benefit of the prison mailbox in one of two ways:

> (1) alleging and proving that he or she made timely use of the prison's legal mail system if a satisfactory system is available, or (2) if a legal system is not available, then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid. . .

*Price*, 420 F.3d at 1165. Mr. Garner bears the burden to demonstrate that a timely filing was made under the prison mailbox rule. *See United States v. Ceballos-Martinez*, 387 F.3d 1140, 1143 (10th Cir. 2004).

Mr. Garner does not state in the Application whether the prison has a legal mail system that he attempted to use, nor does his Application include a declaration stating when he deposited his application with prison officials for mailing. Instead, Mr. Garner attaches a declaration to his Reply, in which he states, pursuant to 28 U.S.C. § 1746, that he gave his Application to prison authorities for *copying* on June 8, 2009, and told them "that the application was due by June 9, 2010." *See* Sworn Affidavit of Thomas Garner, attached to Reply. However, Mr. Garner did not give the Application to prison authorities for *mailing* on or before June 9, 2010. *Id.* As such, Mr. Garner is not entitled to the benefit of the prison mailbox rule.

Mr. Garner asserts in his Reply that he is entitled to equitable tolling of the AEDPA limitations period. The one year-limitation period in § 2244(d) is not jurisdictional and is subject to equitable tolling in appropriate cases. *See Holland v. Florida*, 130 S.Ct. 2549, 2559 (2010). A habeas petitioner is "entitled to equitable tolling" only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, n. 8 (2005)); *see also Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (equitable tolling may apply when an adversary's conduct or other uncontrollable circumstances prevents the

prisoner from timely filing); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.1998) (same). Simple excusable neglect, however, is not sufficient to support equitable tolling. *Miller* 141 F.3d at 978. Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Garner bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.* at 977.

Mr. Garner states that his late filing was caused by an "adversarial impediment." Reply at 1. Specifically, he declares the following, pursuant to 28 U.S.C. § 1746:

> Due to gang violence, between May 27, 2010 and July 23, 2010, the Limon Correctional Facility was on modified lockdown. All prisoners with court filing deadlines were instructed by the prison security operation to submit the due legal documents to their living unit staff for copying and the prison law librarian would pick-up [sic] the documents and return them before the expiration deadline. On June 8, 2010, the Applicant submitted his application for federal habeas corpus relief for copying to the unit-6 living unit staff and indicated on his copy request form that the application was due by June 9, 2010. However, on June 15, 2010, [after numerous attempts to locate the Application], living unit staff Sgt. Jones returned the Applicant's habeas corpus application uncopied and informed the Applicant that it had either been misplaced or not picked-up [sic] by the prison law librarian for processing. The Applicant then mailed the application to his family in Texas to have [ ] copied. The Application was returned June 24, 2010, and mailed to the Clerk of the U.S. District Court.

*See* Sworn Affidavit of Thomas Garner, attached to Reply. *See also* Reply at 2.

Mr. Garner presented a completed and signed § 2254 Application to prison officials for copying on June 8, 2010 and noted to prison officials the court deadline of June 9, 2010. Mr. Garner states in his Reply that it was his intention to place his Application in the prison mail by June 9 and presumably he would have met the

8

one-year filing deadline had prison officials not misplaced his Application for one week. It appears that Mr. Garner has satisfied the Tenth Circuit's standard for reasonable due diligence in pursuing his claims. In **United States v. Gabaldon**, 522 F.3d 1121 (10th Cir. 2008), the Tenth Circuit quoted with approval the following statement from the Second Circuit:

> [A petitioner] is not ineligible for equitable tolling simply because he waited until late in the limitations period to file his habeas petition. He would have acted reasonably by filing his petition any time during the applicable one-year period of limitations. Extraordinary circumstances cannot "prevent" a petitioner from filing on time if, prior to the occurrence of those circumstances, the petitioner has been so neglectful in the preparation of his petition that even in the absence of the extraordinary circumstances, a reasonable person in the petitioner's situation would have been unable to file in the time remaining within the limitations period. A petitioner should not be faulted, however, for failing to file early or to take other extraordinary precautions early in the limitations period against what are, by definition, rare and exceptional circumstances that occur later in that period.

*Gabaldon*, 522 F.3d at 1126 (quoting **Valverde v. Stinson**, 224 F.3d 129, 136 (2d Cir. 2000) (citation omitted)).

The Court finds that Applicant acted with reasonable diligence in attempting to file his § 2254 Application by June 9, 2010, via the prison mailbox rule, so that it would be timely under 28 U.S.C. § 2244(d), but that circumstances beyond his control prevented him from doing so. Accordingly, the Application will not be dismissed as time-barred.

## III. Exhaustion and Procedural Default

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly."

10

*Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

"Generally speaking, [the court] do[es] not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted). Mr. Garner's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

### A. Claim 1(g)

Mr. Garner asserts in claim 1(g) that counsel's cumulative errors at trial constituted deficient performance and he was prejudiced as a result. Application at 5.IX. Respondents argue that claim 1(g) is not exhausted because Mr. Garner did not raise cumulative error as a distinct claim in his Opening Brief to the Colorado Court of Appeals in the state post conviction proceeding. Pre-Answer Resp. at 11. Instead, Mr. Garner raised the issue in the Conclusion section of his Opening Brief. As such, Respondents point out, the Colorado Court of Appeals understandably did not address the issue.

The Court disagrees with Respondents' contention that claim 1(g) is not

exhausted. Mr. Garner argued in the Conclusion of his Opening Brief that each of counsel's argued performance deficiencies was sufficient to overturn Mr. Garner's conviction. See Pre-Answer Resp. Ex. I at 19. Mr. Garner further argued that even if the separate acts of substandard performance did not require reversal, the cumulative effect of counsel's errors prejudiced Mr. Garner and prevented him from receiving a fair trial. *Id.* Mr. Garner concluded that he was deprived of his "constitutional right to effective assistance of counsel and his conviction must be overturned." *Id.* Earlier in his Opening Brief, he invoked his right to effective assistance of counsel under the United States Constitution and applicable federal case law. *Id.* at 5-7, 11, 16. The Court therefore finds that Mr. Garner exhausted his cumulative error claim by presenting the substance of his federal constitutional claim to the state appellate court. **See *Duncan*,** 513 U.S. at 365-66.

Moreover, although Mr. Garner did not technically comply with the requirements of Colo. App. R. 28(a) by raising his cumulative error claim in the Conclusion section of his Opening Brief, this Court does not presume that the state appellate court declined to address the merits of the claim based on application of a state procedural bar. The state appellate court affirmed *in toto* the trial court's order denying Mr. Garner's Rule 35(c) postconviction motion, determining that each of Mr. Garner's claims of ineffective assistance of counsel lacked merit under the standard set forth in ***Strickland v. Washington*,** 466 U.S. 668 (1984). **See *People v. Garner*,** No. 07CA1773 (Colo. App. Feb. 26, 2009), Pre-Answer Resp. Ex. J. The state appellate court's silence regarding

Mr. Garner's cumulative error claim does not bar consideration of that claim on habeas review where the state court did not "clearly and expressly state[ ] that its judgment was based on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989); *see also Coleman v. Thompson*, 501 U.S. 722, 740 (1991) (*Harris* presumption in favor of federal review applies if the state court decision fairly appears to rest primarily on federal law).

Respondents suggest that claim 1(g) is not exhausted for the additional ground that Mr. Garner did raise the claim in his petition for certiorari review filed with the Colorado Supreme Court. Pre-Answer Resp. at 11-12. Mr. Garner argues that Colo. App. R. 51.1 excused the need to raise this claim to the Colorado Supreme Court in order to exhaust it. Reply at 4.

In order to exhaust state remedies, a claim must be presented to the state's highest court if review in that court is available. *See O'Sullivan*, 526 U.S. at 845. However, "there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available." *Id.* at 847-48. Therefore, if a state articulates that a certain avenue for relief is not part of its standard appellate review process, it is not necessary for a defendant to pursue that avenue in order to exhaust state remedies. *See id.*

The State of Colorado has articulated that review in the Colorado Supreme Court is not part of the standard state appellate review process. More specifically, the Colorado Appellate Rules provide that:

> In all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1. Therefore, the Court finds that review in the Colorado Supreme Court is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the Colorado Court of Appeals.

Furthermore, the Court's conclusion is supported by the fact that four circuit courts have determined that state rules similar to Colo. App. R. 51.1 eliminate the need to seek review in the state's highest court in order to satisfy the exhaustion requirement. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-03 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 404-05 (8th Cir. 2002); *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999). Accordingly, the Court finds that claim 1(g) has been exhausted and is now ripe for federal habeas review.

### B. Claim Two

For his second claim, Mr. Garner challenges his life sentence under Colorado's habitual offender law on the ground that the underlying felony convictions are constitutionally infirm. Application at 6.

Respondents argue that Mr. Garner procedurally defaulted this claim because

the state trial and appellate courts rejected it as untimely under COLO. REV. STAT. (C.R.S.) § 16-5-402 (1986). Pre-Answer Resp. at 13. Respondents maintain that the state courts' application of a state procedural bar precludes federal habeas review of the merits. *Id.* at 13-14.

The Colorado Court of Appeals determined the following on direct appeal of Mr. Garner's convictions and sentence:

> The trial court found that defendant's attack on his prior convictions was barred by § 16-5-402, C.R.S. (1986 Repl. Vol 8A), which prohibits a collateral attack upon the validity of a prior conviction unless such attack in commenced within a specified time period. We agree with the trial court.
> . . .
> We do not consider defendant's incarceration in Texas to constitute excusable neglect for failing to attack his prior convictions in a timely manner. [citation omitted].
>
> As well, we find no error in the trial court's ruling on the merits of defendant's motion to suppress his prior convictions. [internal citations omitted].

*People v. Garner,* Nos. 91CA0285, 91CA0473, (Colo. App. June 4, 1992), Pre-Answer Resp. Ex. E, at 1.

This Court must give effect to a state procedural bar even when the state court reaches the merits of a federal claim as a separate basis for its decision. *See Harris,* 489 U.S. at 264 n.10 ("[A] state court need not fear reaching the merits of a federal claim in an alternative holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on

federal law."); *see also Sochor v. Florida*, 504 U.S. 527, 534 (1992) ("[T]he rejection of [the habeas petitioner's] claim was based on the alternative state ground that the claim was 'not preserved for appeal'. . . Hence, we hold ourselves to be without authority to address Sochor's claim . . . " (emphasis added)).

The Tenth Circuit Court of Appeals has held that application of C.R.S. § 16-5-402 is adequate to support application of a procedural bar. *See Klein v. Neal*, 45 F.3d 1395, 1398 (10th Cir. 1995). Further, the state appellate court's application of C.R.S. § 16-5-402 is independent of federal law because the decision relies solely on Colorado law and makes "no reference to any form of federal law, be it constitutional, statutory or decisional." *Id.* at 1399. The Court therefore finds that Mr. Garner has procedurally defaulted his second claim in the state courts.

Moreover, Mr. Garner has not made the requisite showing of cause and prejudice to avoid the procedural default. Instead, Mr. Garner asserts that he is innocent of being a habitual criminal because his prior convictions were obtained pursuant to guilty pleas which were not knowing and voluntary. *See* Application at 6I - 6IV; Reply at 4. The actual innocence standard may apply to a conviction under a habitual offender statute. *See Selsor v. Kaiser*, 22 F.3d 1029, 1036 (10th Cir. 1994) (stating, in dicta, that a person is actually innocent of a habitual offender sentence if he is innocent of a prior conviction). However, Mr. Garner fails to raise colorable allegations of factual innocence as to the underlying grounds of his sentence enhancements. *See Herrera v. Collins*, 506 U.S. 390, 404 (1993) (fundamental miscarriage of justice exception requires a colorable showing of factual innocence);

16

*Schlup v. Delo*, 513 U.S. 298, 329 (1995) (habeas petitioner claiming actual innocence must demonstrate that "it is more likely than not that no reasonable juror would have found petitioner him guilty beyond a reasonable doubt"). Arguments of legal innocence are unavailing. *See Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000). Accordingly, claim two will be dismissed as procedurally barred.

### C. Claim 1(f)

Mr. Garner asserts, as part of claim 1(f), that his trial counsel was ineffective in failing to attack his prior convictions "under justifiable excuse and excusable neglect based upon the Applicant being a resident of Texas, not Colorado where the state's time bar applied to those living in Colorado." Application at 5.IX. Respondents argue that it is unclear whether Mr. Garner presented this claim to the Colorado Court of Appeals to satisfy the exhaustion requirement. *See* Pre-Answer Resp. at 12-13.

Respondents' apparent confusion arises from the following argument in Mr. Garner's Opening Brief to the state appellate court in his post conviction proceeding:

> Trial counsel also failed to protect Mr. Garner's rights during the habitual criminal phase, failing to know even basic requisites of law governing habitual criminal charges. Vol. Seven, p. 34-35, p. 42, l. 11-25; see also Vol. Four, February 4, 1991 transcript, p. 45-50 (absence of any closing argument by Mr. Viar).

Pre-Answer Resp. Ex. I at 13.

The Colorado Court of Appeals addressed this claim in affirming the trial court's order denying Mr. Garner's Rule 35(c) postconviction motion. The appellate court determined:

B. Representation on the Habitual Criminal Charges

> Defendant contends that his trial counsel failed to
> adequately represent him in the habitual criminal phase of
> the trial. Defendant challenged the prior convictions that
> formed the bases of the habitual criminal counts. In *Garner
> I*, a division of this court upheld the district court's admission
> of these prior convictions, which were too old for collateral
> attack and as to which defendant did not establish justifiable
> excuse or excusable neglect for his failure to attack them
> timely. Defendant therefore failed to prove either prong of
> the *Strickland* test as to these convictions.

*People v. Garner*, No. 08CA1773 (Colo. App. Feb. 26, 2009), Pre-Answer Resp. Ex. J at 11. The state appellate court addressed the claim as a federal constitutional claim under the *Strickland* standard. The Court therefore finds that claim 1(f) is exhausted.

Accordingly, it is

ORDERED that Claim Two is dismissed for the reasons stated in this Order. It is

FURTHER ORDERED that Claim One (including all sub-claims) shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this __15th__ day of __September__, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01561-BNB

Thomas Garner
Prisoner No. 64735
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/15/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk