IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Marcia S. Krieger

Civil Action No. 10-cv-01561-MSK

THOMAS GARNER,

    Applicant,

v.

ANGEL MEDINA, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER

The matters before the Court are Respondents' Answer To Application For Writ Of Habeas Corpus (Doc. No. 16), Applicant's Motion For An Order To Show Cause Why The Respondents Are Preventing The Applicant From Filing A Reply To Their Show Cause Answer And Motion For Injunctive Relief (Doc. No. 15), Applicant's Motion For Enlargement Of Time To File Habeas Corpus Reply Pending Court's Ruling On Applicant's Motion For Injunctive Relief (Doc No. 17), and a letter from Applicant construed by the Court as a motion to compel Respondents to facilitate inmate legal assistance (Doc. No. 18).

Applicant is proceeding *pro se.* The Court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those

drafted by attorneys."[1] However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."[2] The Applicant's *pro se* status does not entitle him to an application of different rules.[3]

In their Pre-Answer Response, Respondents challenged the Application on timeliness grounds.[4] In his September 15, 2010 Order, District Judge Philip A. Brimmer found that although the Application was not timely filed pursuant to 28 U.S.C. § 2244(d), the one-year filing deadline was equitably tolled until July 1, 2010 due to "circumstances beyond his control."[5]

In their Answer, Respondents had their first opportunity to respond to Applicant's equitable tolling argument. They claim that contrary to his allegations, the Limon Correctional Facility, where Applicant was housed at the time of the filing deadline, was *not* under lockdown at any time between May 27, 2010 and July 1, 2010. Additionally, Respondents provided law library request and access forms that indicate that Applicant may have had an incorrect understanding of when the § 2244(d) habeas filing deadline was. Therefore, Respondents argue that equitable tolling should not have been granted

---

[1] Trackwell v. United States, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also* Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

[2] Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

[3] *See* Montoya v. Chao, 296 F.3d 952, 957 (10th Cir. 2002).

[4] Doc. No. 8 (July 27, 2010).

[5] Order (Doc. No. 12), at 9.

since the delay in filing was not attributable to their actions and, instead, was a result of Applicant not diligently pursuing his rights.[6]

The Court will treat the portion of Respondents' Answer regarding timeliness[7] as a motion for reconsideration of Judge Brimmer's September 15, 2010 determination on equitable tolling.[8]  Applicant will be given a chance to respond to the arguments and evidence presented by Respondents before the Court will reconsider the issue.

Next, Applicant argues that due to prison policy changes instituted by Respondents, he no longer has access to an inmate that is providing legal assistance in preparing his habeas correspondence.  He seeks an order requiring Respondents to allow him access to this inmate for purposes of obtaining legal assistance.  The Applicant is not entitled to lay counsel in a criminal matter,[9] and he is he entitled to appointed counsel in a habeas action.[10]  Therefore his request to compel Respondents to allow him to confer with another inmate in order to proceed in this action is denied.

---

[6] *See* Holland v. Florida, ___ U.S. ___, 130 S.Ct. 2549, 2562 (2010); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  *Pro se* representation, in and of itself, or procedural ignorance has never been an excuse for lack of diligence. Johnson v. United States, 544 U.S. 295, 311 (2005).  "[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (*citing* Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.") (citations omitted)).

[7] Doc. No. 16, at 4-11.

[8] Doc. No. 9, at 7-9.

[9] Tyree v. United States, 892 F.2d 958 (10th Cir. 1989) (there is "no Sixth Amendment right to lay counsel"); United States v. Tedder, 787 F.2d 540, 543 (10th Cir. 1986) (*quoting* United States v. Irwin, 561 F.2d 198, 200 (10th Cir. 1977)) ("'[C]ounsel' refers to 'a person authorized to practice law.'").

[10] Coronado v. Ward, 517 F.3d 1212, 1218 (10th Cir. 2008).

Finally, to the extent that Applicant is requesting additional time to file a reply/traverse to Respondents Answer regarding the merits of his habeas claims, his request is granted.  Accordingly, it is

ORDERED that the portion of Respondents' Answer To Application For Writ Of Habeas Corpus (Doc. No. 16; Nov. 8, 2010) dealing with timeliness will be treated as a motion for reconsideration of Judge Brimmer's September 15, 2010 Order regarding equitable tolling.  It is

FURTHER ORDERED that Applicant shall have 21 days from the date of this order to respond to the motion for reconsideration, and Respondents shall have 14 days from the date of the response to file a reply.  It is

FURTHER ORDERED that Applicant's Motion For An Order To Show Cause Why The Respondents Are Preventing The Applicant From Filing A Reply To Their Show Cause Answer And Motion For Injunctive Relief (Doc. No. 15; Oct. 27, 2010) and a letter from Applicant taken by the Court as a motion to compel Respondents to facilitate inmate legal assistance (Doc. No. 18; Dec. 6, 2010) are denied to the extent they seek relief related to denial of access to inmate legal assistance.  It is

FURTHER ORDERED that Applicant's Motion For Enlargement Of Time To File Habeas Corpus Reply Pending Court's Ruling On Applicant's Motion For Injunctive Relief (Doc No. 17; Nov. 19, 2010) is denied to the extent it seeks relief related to denial of access to inmate legal assistance and granted to the extent it seeks an extension of time to file a reply to Respondents' Answer.  It is

FURTHER ORDERED that Applicant shall file a reply/traverse addressing the merits of his remaining habeas claims within 21 days of the date of this order.

Dated this 18th day of July, 2011

**BY THE COURT:**

_(signed) Marcia S. Krieger_

Marcia S. Krieger
United States District Judge