IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Marcia S. Krieger

Civil Action No. 10-cv-01561-MSK

THOMAS GARNER,

     Applicant,

v.

ANGEL MEDINA, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

---

ORDER DISMISSING PETITION FOR HABEAS CORPUS

---

The matter before the Court is an Application For A Writ Of Habeas Corpus

Pursuant to 28 U.S.C. § 2254 (Doc. No. 2).

## I.    Procedural History

On July 12, 2010, Magistrate Judge Boyd N. Boland directed Respondents to file

a Pre-Answer Response solely addressing the affirmative defenses of timeliness under

28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C.

§ 2254(b)(1)(A).[1]  On July 27, 2010, Respondents submitted their Pre-Answer

Response,[2] and Applicant filed his Pre-Answer Reply on August 20, 2010.[3]

---

[1] Doc. No. 5

[2] Doc. No. 8

[3] Doc. No. 11

In their Pre-Answer Response, Respondents challenged the Application on subject matter, exhaustion, and timeliness grounds.  Applicant replied that he was entitled to equitable tolling of the AEDPA deadline.  He alleged that the prison he was housed in at the time he filed his Application, the Limon Correctional Facility, was on "modified lockdown" due to gang violence during the weeks immediately preceding the AEDPA deadline, and these circumstances prevented him from submitting his habeas petition before this deadline.[4]

In an Order dated September 15, 2010, District Judge Philip A. Brimmer dismissed Claim Two as procedurally defaulted[5] and found that all subparts of Claim One were exhausted and ripe for federal review.[6]  He considered Respondents' argument that the Application was time barred, and found that 1) the one-year limitation period, codified by the Antiterrorism and Effective Death Penalty Act (AEDPA) in 28 U.S.C. § 2244(d), expired on June 9, 2010[7]; and 2) because Applicant did not file his Application with the Court until July 1, 2010, the Application was untimely.[8]  Taking

---

[4]Id. at 8.

[5]Doc. No. 12 (Sep. 15, 2010), at 14-17.

[6]Id. at 10-14.

[7]Id. at 6.

[8]Id. at 6-7.

2

Applicant's representations as true[9], Judge Brimmer declined to dismiss the Application based on a AEDPA's time bar due to equitable tolling.[10]

This Court subsequently issued an Order To Show Cause.[11]  In their Response, the Respondents noted that they had not had an opportunity to address the equitable tolling issue.  They sought reconsideration of the finding of equitable tolling and submitted evidence to rebut that submitted by the Applicant. Thereafter, this Court entered an Order 1) advising the parties that the issue of equitable tolling would be reconsidered; and 2) giving the Applicant an opportunity to respond to Respondent's argument and evidence.  The Applicant filed a response[12], but the Respondents did not reply.

## II.    *Pro Se* Litigant

Applicant is proceeding *pro se.*  The Court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."[13]  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be

---

[9] Judge Brimmer presumptively found that Applicant "acted with reasonable diligence in attempting to file his § 2254 Application by June 9, 2010... but that circumstances beyond his control prevented him from doing so."

[10]Id.

[11]Doc. No. 14 (Sep. 22, 2010).

[12]Doc. No. 27 (Aug. 16, 2011).

[13]Trackwell v. United States, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also* Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

3

based."[14]  The Applicant's *pro se* status does not entitle him to an application of different rules.[15]

## III.   Analysis

The Antiterrorism and Effective Death Penalty Act (AEDPA) in 28 U.S.C. § 2244(d) sets a one-year time period after for the filing of a habeas corpus application after certain events occur.  The parties agree that the deadline for the filing of the Application in this matter was June 9, 2010, and that the Application was not timely filed.

Ordinarily, the AEDPA deadline must be strictly enforced, but the AEDPA deadline can be equitably tolled upon a showing that the Applicant (1) pursued his rights diligently, but that (2) some extraordinary circumstance precluded timely compliance.[16] *Pro se* representation, in and of itself, or procedural ignorance, however, is not an excuse for lack of diligence.[17]

---

[14]Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

[15]*See* Montoya v. Chao, 296 F.3d 952, 957 (10th Cir. 2002).

[16]Holland v. Florida, ___ U.S. ___, 130 S.Ct. 2549, 2562 (2010) (*quoting* Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  Equitable tolling is appropriate only in *rare and exceptional circumstances.* Equitable tolling would be appropriate, for example, [(1)] when a prisoner is actually innocent, [(2)] when an adversary's conduct - or other uncontrollable circumstances - prevents a prisoner from timely filing, or [(3)] when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.  Simple excusable neglect is not sufficient. Johnson v. United States, 544 U.S. 295, 311 (2005).

[17]United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (*citing* Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)) ("[I]t is well established that ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."); *see also* Cooley v. Medina, 412 Fed. Appx. 51, 53 (10th Cir. 2011) (*pro se* litigant's mistaken understanding of deadline does not justify equitable tolling).

Before an Answer was filed, the Applicant submitted evidence that suggested that he was diligent but unable to timely file this application.  Based on such evidence, but without giving the Respondents the opportunity to respond, the Court allowed the matter to proceed.  Now, having considered the evidence submitted by both the Applicant and Respondents, there appears no need for an evidentiary hearing.[18] Based on the evidence submitted, the Court finds that the Applicant has not established an entitlement to equitable tolling of the AEDPA filing deadline.

There is no dispute that the deadline for filing the Application was June 9, 2010. Applicant contends that he could not comply with this deadline because the Limon Correctional Facility (LCF), where he was housed at that time, was under lockdown between May 27, 2010 and July 1, 2010. The significance of the facility being on lockdown is that during such times inmates cannot not visit the law library.  Contrary to this assertion, however, LCF records show that prisoners were allowed to access the law library throughout these months.[19]

The Applicant seems to admit as much in his reply, as he alters his argument to instead claim that the prison law library was closed on June 2 and 3, 2010, and that its closure prevented him from timely preparing and submitting this application.[20]

---

[18] *See* McCall v. Wyoming Attorney General, 339 Fed. Appx. 848, 850 (10th Cir. 2009) (*citing* Fisher v. Gibson, 262 F.3d 1135, 1145 (10th Cir. 2001)) (a "district court [is] not required to conduct a further evidentiary hearing before deciding not to grant equitable tolling, given that 28 U.S.C. § 2244 does not require hearings on the issue of time-bar or tolling").

[19] Doc. No. 30-3 (July 18, 2011).

[20] Doc. No. 27 (Aug. 16, 2011), at 2.

Respondents concede that the law library was closed on June 2 and 3. However, the library closure on those dates does not demonstrate the Applicant's inability to timely file the Application.

In May 2010, the LCF's policy required inmates to give a <u>minimum</u> of one week advance request for law library access and for photocopies.[21]  Thus to use the library on June 2, 3 or any other day, the Applicant was required to submit a written request at least one week before.  Nowhere in the record is a request to visit the library on June 2 or 3, and the Applicant makes no reference to having submitted one.  Thus, regardless of whether the library was open or not, the Applicant would not have had access to it because he did not make a prior request - something within his control.

The Applicant does not complain that he was unaware of this policy or that he could not comply with it.  Indeed, on June 3, 2010,[22] he requested to use the law library, and was authorized to use the library one week later on June 11, 2010.  The expressed purpose of the library visit was "RESEARCH" with regard to a court deadline in "July 2010".[23]  Then, on June 8, 2010, he requested photocopies - five copies of his "2254

---

[21]Doc. No. 30-2 (July 18, 2011).

[22] Doc. No. 30-4.

[23] In his reply, Applicant states that he also submitted a photocopy request on June 2, 2010, that was returned to him unfulfilled. Doc. No. 27, at 2-3, 27. Attached to his reply is a June 2 request for photocopies that lists a court imposed deadline of June 9, 2010.

The Court has significant doubts as to the authenticity of the June 2 request for several reasons. First, no reference was made to this request in Applicant's original argument regarding tolling.  Second, the deadline referenced in the library request that the Applicant submitted the next day, June 3, 2010, was identified as "July 2010". Doc. No. 30-4. There is no explanation as to why a specific court deadline was used on June 2, but a general, inaccurate date was used on June 3.  Third, the June 2 request was not accompanied by a withdrawal ticket for payment of copies, whereas the copy request submitted on June 8

Habeas Application" to be used for a court deadline of June 9, 2010[24].  This record reveals no other requests to visit the library or for photocopies.

Apparently, the Applicant made no effort to use the library until shortly before the filing deadline.  He submitted the required paperwork too late under LCF's policy to be able to use the library or obtain photocopies to enable the Application to be timely filed. The only suggestion for this delay is that the Applicant was relying on the assistance of another inmate.[25]  Unfortunately for the Applicant, the decision to rely on the assistance of another does not justify equitable tolling because it is a circumstance within the Applicant's control.[26]

Applicant's delay in requesting access to the library and to obtain photocopies, does not demonstrate either diligent pursuit of his rights[27] or circumstances beyond his control.  Unforseen and unfortunate delays commonly occur in preparing legal documents. Applicant's failure to factor in LCF's policy requiring advance notice for

---

was. *See* Doc. No. 11, at 5.

However, ultimately, the submission of the June 2, 2010 request does not change the outcome of this issue.  By operation of the LCF policy, the most favorable response to the request was would have been June 9, 2010.  The Applicant has not demonstrated his diligence preceding the request or that the delay in submission was due to circumstances outside his control.

[24] Id.

[25] Doc. No. 27 at 20-21.

[26] *See* United States v. Galindo, 406 Fed. Appx. 322, 324 (10th Cir. 2011) (*citing* Marsh, 223 F.3d at 1220).

[27] Holland, ___ U.S. at ___, 130 S.Ct. at 2562.

photocopies or for access the library was his own mistake, not an "uncontrollable circumstance" caused by Respondents.[28]

### V.  Conclusion

Applicant's petition was due by June 9, 2010 but was not received by the court until July 1, 2010.  Applicant has not established any exceptional circumstance that entitles him to equitable tolling of this deadline.  Therefore, the filing of the Application was untimely.  Accordingly, it is

ORDERED that the Answer To Application For Writ Of Habeas Corpus (Doc. No. 30; July 18, 2011), treated as a motion for reconsideration,[29] is granted.  It is

FURTHER ORDERED that the Application For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. No. 2; July 1, 2010) is DENIED as barred by the one-year limitation period in 28 U.S.C. § 2244(d).  It is

---

[28] *See* Spencer v. Sutton, 239 F.3d 626, 630-31 (4th Cir. 2001) (applicant left himself one day to file AEDPA claim after a state appeal was completed; time it took for notice of state appeal resolution to arrive by mail could not be excused for purposes of equitable tolling; applicant should have factored in the reasonable time to receive such a message by mail before deciding to leave himself only one day to file).

[29] *See* Doc. No. 29 (Sep. 13, 2011).

FURTHER ORDERED that a certificate of appealability shall not issue because Applicant has not made a substantial showing of the denial of a constitutional right.[30]

Dated this 14th day of December, 2011

BY THE COURT:

Marcia S. Krieger
United States District Judge

_____

[30]28 U.S.C. § 2253(c)(2); Fed. R. Governing Section 2254 Cases 11(a); Slack v. McDaniel, 529 U.S. 473, 483-485 (2000).

9